UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARIEL ABRIGO,

                                  **Plaintiff,**                                    **MEMORANDUM**
                                                                                        **AND ORDER**

                                  **-against-**                                                    14-CV-5147 (RLM)

**EL GAUCHITO V, INC., et al.,**

                                  **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      For the third time in four weeks, plaintiff Ariel Abrigo ("plaintiff") moves this Court to compel defendants to comply with their discovery obligations. <u>See</u> [Third] Motion to Compel (June 17, 2015) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #36; <u>see also</u> Motion to Compel (May 24, 2015), DE #32; Second Motion to Compel (June 3, 2015), DE #34. Defendants cross-move for a stay of discovery and permission to file a motion to dismiss or, alternatively, a motion for summary judgment. <u>See</u> Response in Opposition and Cross Motion (June 18, 2015) ("Def. Opp."), DE #37. For the reasons explained herein, plaintiff's motion is granted in part and denied in part, and defendants' motion is denied without prejudice as premature.

**PLAINTIFF'S MOTION TO COMPEL**

**I.    Request for Admissions**

      On May 28, 2015, plaintiff served defendants with a Request for Admission, pursuant to Rule 36 of the Federal Rules of Civil Procedure. Plaintiff's request sought three admissions concerning the interstate nature of the credit card transactions that took place at defendants'

restaurant, where plaintiff worked as a waiter.  See Pl. Mot. at 1-2; see also Request for Admission, DE #36-1.[1]  Defendants responded that they did not have sufficient knowledge to either admit or deny the truth of those facts.  See generally Defendants' Response to Plaintiff's Notice to Admit Truth of Facts ("Def. R. 36 Resp."), DE #36-2.  Plaintiff challenges defendants' response as inadequate under Rule 36 and requests that this Court deem those facts to be admitted.  See Pl. Mot. at 2-3.

Rule 36 provides that an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party *states* that it has made *reasonable inquiry* and that the *information it knows or can readily obtain* is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Plaintiff argues, without citing case law, that the "reasonable inquiry" standard requires defendants to call JP Morgan Chase ("Chase") and ask where its credit card servers were located.  See Pl. Mot. at 2.  Indeed, plaintiff's counsel claims he was able to do so himself.  See id. at 1 (explaining that "Dan" in Chase's merchant bank unit confirmed to plaintiff's counsel that Chase's servers were located in New Hampshire and Florida).

What constitutes a "reasonable inquiry" under Rule 36 depends on the facts of each case.  See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co, Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997).  Nevertheless, the "reasonable inquiry" requirement generally does not extend to inquiries directed to third parties.  See id.; see also Gaul v. Chrysler Fin. Servs.

---

[1] For example, Request No. 1 asked defendants to admit that "[t]he vendor used by Defendant El Gauchito V, Inc. to process credit card transactions maintains its servers outside the state of New York."  See Request for Admission at 1.

Ams. LLC, No. 1:13-CV-433 (TJM/RFT), 2014 WL 1513843, at *7 (N.D.N.Y. Apr. 16, 2014) (although the inquiry may require "venturing beyond the parties to the litigation, and include, under certain limited circumstances, non-parties," it "surely" did not include "strangers").

Defendants' response suggests that no inquiry was made concerning these matters. See generally Def. R. 36 Resp. At this point, it is unclear whether there is a sufficiently close relationship between non-party Chase and defendants as to require defendants to make reasonable inquiries regarding the location of Chase servers. Cf. Koumantaros v. City of Univ. of N.Y., No. 03 Civ. 10170 (GEL) (DFE), 2005 WL 2249751, at *2 (S.D.N.Y. Sept. 15, 2005) (where defendant's employees "could easily" reach out to non-parties with whom those employees worked closely to determine how the non-parties self-identify racially, defendant did not satisfy "reasonable inquiry" standard). For example, it may be that Chase provides merchant customers like defendants with a particular contact with whom defendants regularly communicate regarding credit card issues.

Without factual support establishing the nature of the relationship between Chase and defendants, the Court will not now require defendants to make such inquiries concerning the credit card servers or deem the facts to be admitted.[2] Nevertheless, defendants' response as it

---

[2] The fact that plaintiff's counsel was able to obtain this information, which may be crucial to plaintiff's ability to establish individual coverage under the Fair Labor Standards Act ("FLSA"), see infra pp. 5-6, does not alter this Court's conclusion that plaintiff has proffered insufficient facts to establish that defendants should be required to make similar efforts to obtain information from a source that does not appear to be within defendants' control. "Rule 36 is not a discovery device." T. Rowe Price Small-Cap Fund, 174 F.R.D. at 42. Until fact discovery closes on July 15, plaintiff remains free to subpoena or obtain an affidavit from Chase or to depose defendants in order to assess their relationship with Chase. Or defendants

stands now is insufficient, in that the answers do not acknowledge or address the reasonable inquiry standard. Therefore, defendants must serve an amended response that complies with Rule 36 no later than June 30, 2015.[3]

## II.     Violation of the 6/10/15 Order

On June 10, 2015, this Court held a telephone conference on plaintiff's second motion to compel (the "6/10/15 Order"). See Minute Entry (June 10, 2015), DE #35. At the conclusion of the hearing, the Court directed defendants, *inter alia*, to supplement their responses to Interrogatory Nos. 2 and 4 by June 15, 2015. See id. at 1-2. In particular, defendants were obligated to supplement Interrogatory No. 2 by specifying "plaintiff's regular work schedule (i.e., what days he worked and which hours) and his period of employment." See id. at 2. With respect to Interrogatory No. 4, the Court required defendants to provide job title and earnings information for each employee during the years 2012, 2013 and 2014. See id. The Court also directed defendant to produce for deposition, at plaintiff's option, the accountant who prepared a document referred to as the History Report. See id.

In plaintiff's reply to his motion to compel, plaintiff asserts for the first time that defendants violated the 6/10/15 Order by (1) failing to supplement Interrogatory Nos. 2 and No. 4; and (2) declining to make the accountant available for a deposition without a formal

---

may voluntarily reach out to Chase to see whether the information sought is indeed "readily obtainable."

[3] To the extent that defendants claim not to understand what "transmission" refers to in plaintiff's Request No. 3 ("Such transmission makes use of interstate telephone lines, data lines, or other facilities of interstate commerce."), plaintiff, at his option, may serve an amended Request No. 3 no later than June 26, 2015. Defendants' response to this amended request should be included in their June 30, 2015 amended responses.

notice of deposition. See Letter in Response (June 19, 2015), DE #39. Although the Court gave defendants an opportunity to respond to these newly raised discovery issues, defendants chose not to address them.[4]

Defendants are directed to, by July 2, 2015, supplement their responses to Interrogatory Nos. 2 and 4 and, by July 7, 2015, to produce for deposition defendants' accountant, with or without a formal notice of deposition. Defendants are hereby warned that failure to comply with this order will likely result in sanctions, including, but not limited to, issue preclusion. See generally Fed. R. Civ. P. 37(b).

## DEFENDANTS' CROSS-MOTION

Defendants cross-move for (1) permission to file a motion to dismiss and/or summary judgment and (2) for a stay of discovery, pending the outcome of any dispositive motion. See Def. Opp. at 3-5.

To bring a FLSA claim, a plaintiff must have been (1) "engaged in commerce or in the production of goods for commerce [i.e. individual coverage]," or (2) "employed in an *enterprise* engaged in commerce or in the production of goods for commerce [i.e., enterprise coverage]." See Jacobs v. N.Y. Foundling Hosp., 588 F.3d 93, 96 (2d Cir. 2009) (citing 29 U.S.C. § 207(a)(1)) (bracketed language added). Defendants seek to dismiss plaintiff's FLSA claim on the basis that plaintiff has failed to allege and/or create an issue of material fact that the corporate defendant, El Gauchito V, Inc., is a covered enterprise under the FLSA or that

---

[4] To be sure, defendants filed a sur-reply, but that sur-reply wholly ignored plaintiff's allegations concerning defendants' failure to comply with the 6/10/15 Order. See [Defendants'] Reply in Support (June 23, 2015) ("Def. Sur-Reply"), DE #41.

plaintiff is a covered individual. See Def. Opp. at 3-5.

The Court denies defendants' cross-motion without prejudice as premature. With respect to enterprise coverage, as plaintiff notes, the outstanding discovery owed by defendants pursuant to the 6/10/15 Order was specifically demanded in order to challenge defendants' suggestion that they fail to meet the threshold $500,000 in gross volume of sales necessary to establish enterprise coverage. See Pl. Reply at 1; see also 29 U.S.C. § 203(s). Defendants' belated submission of an unsworn statement by defendants' accountant -- to the effect that defendants' corporate tax return (on which defendants so heavily rely) contains a material error, but that defendants do not meet the $500,000 threshold -- only serves to highlight the fact that the accountant should have been produced for a deposition, as mandated by the 6/10/15 Order. See [Defendants'] Reply in Support (June 24, 2015), DE #42.

As for individual coverage, plaintiff is currently pursuing fact discovery concerning the interstate nature of defendants' credit card transactions, which could potentially create a genuine issue of material fact as to whether plaintiffs are entitled to individual coverage under the FLSA. See, e.g., Kim v. Kum Gang, Inc., No. 12 Civ. 6344 (MHD), 2015 WL 2222438, at *22 n.48 (S.D.N.Y. Mar. 19, 2015) (where plaintiff waiters, as part of their job, were required to regularly process credit-card payments for guests, they were likely to satisfy the FLSA standard for individual coverage); Owusu v. Corona Tire Shop, Inc., No. 09-CV-3744 (NGG) (JO), 2010 WL 4791629 at *2-3 (E.D.N.Y. Nov. 17, 2010) (finding an issue of material fact as to whether the extent of an auto mechanic's use of a credit card machine was a "substantial part" of his employment, such that the mechanic would be covered as an

individual under the FLSA).[5]

Therefore, the Court denies without prejudice defendants' motion for permission to file a dispositive motion.[6] Discovery is not stayed.

## CONCLUSION

For the reasons set forth above, the Court denies in part and grants in part plaintiff's motion to compel. The Court declines to deem admitted the facts contained in plaintiff's Request for Admission, but directs defendant to serve an amended response that complies with Rule 36 no later than June 30, 2015. The Court further directs defendants, on pain of sanctions, to, by July 2, 2015, supplement their responses to Interrogatory Nos. 2 and 4 and, by July 7, 2015, to produce for deposition defendants' accountant, with or without a formal notice of deposition.

---

[5] In their sur-reply, defendants argue that the use of credit cards is insufficient to establish individual coverage. See Def. Sur-Reply at 2. The Court is unpersuaded. First, defendants rely almost exclusively on out-of-circuit case law to support their argument. See id. Second, in inviting defendants to respond to plaintiff's most recent submission, the Court authorized defendants to address *new issues* in that filing (namely, defendants' non-compliance with the 6/10/15 Order), and the issue of individual coverage vis-à-vis credit card use had been raised for the first time in plaintiff's original motion. See Pl. Mot. at 1. In any event, the cases cited by defendants are distinguishable. See Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1267 (11th Cir. 2006) (testimony that the credit card bills plaintiff received for in-state purchases were mailed from out-of-state was insufficient to create a genuine issue of material fact as to individual coverage); Kitchings v. Florida United Methodist Children's Home, Inc., 393 F.Supp.2d 1282, 1292 (M.D. Fla. 2005 ) (no issue of fact as to individual FLSA coverage, where plaintiffs offered conclusory allegations, but no evidence, to establish that houseparents of children's home used credit cards in their employment, and defendant offered affidavit that credit card purchases were "sporadic at best").

[6] To the extent defendants purport to seek permission to file a motion to dismiss based on the pleading's conclusory or speculative allegations, a brief glance at the second amended complaint shows this argument to be dubious. See, e.g., [Second] Amended Complaint (May 15, 2015) ¶¶ 18-20a, DE #30.

Defendants' cross-motion for a stay of discovery and permission to file a dispositive motion is denied without prejudice as premature.

**SO ORDERED.**

**Dated:   Brooklyn, New York
          June 25, 2015**

                                                   /s/ *Roanne L. Mann*
                                              **ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**